UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

MAJO 208, LLC AND VENETIAN
PALMS CONDOMINIUM
ASSOCIATION INC.,

    Plaintiffs,
v.

PACIFIC INSURANCE
COMPANY LIMITED,

    Defendant.
_____/

**PACIFIC INSURANCE COMPANY LIMITED'S NOTICE OF
REMOVAL AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Pacific Insurance Company Limited ("Pacific"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, presents this Notice of Removal of the above-captioned cause from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("Circuit Court") where the same is now pending under Case No. 10-41598CA30.

### I. STATEMENT OF GROUNDS FOR REMOVAL

1. On or about July 30, 2010, this action was filed against Pacific in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

2. The Plaintiffs' Complaint was served on Pacific's registered agent for service of process on August 10, 2010.

3. The territory assigned to the United States District Court for the Southern District of Florida includes Miami-Dade County, Florida.

4. A certified copy of the court file is attached hereto as Exhibit "1". Such documents constitute all process, pleadings and orders served to date. A certified reproduction of Pacific's insurance policy issued to the Plaintiffs is attached as Exhibit "2".

5. Pacific is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Boston, Massachusetts. Pacific is thus a citizen of Connecticut and Massachusetts. *See,* 28 U.S.C. §1332(c)(1). The Plaintiffs, believed to be citizens of Florida, are diverse citizens from Pacific.

6. Plaintiffs' Complaint seeks, *inter alia,* alleged damages to Venetian Palms' properties located at 7963 – 69, 7957 – 61, 7943 – 47, 7949 – 55, 7925 – 31, 7917 – 23, 7909 – 15, 7901 – 07, and 7941 SW 104 Street, Miami, Florida as a result of Hurricane Katrina, on August 25, 2005. See, Complaint at ¶ 5, 6.

7. In their Complaint, the Plaintiffs do not request damages in a specific amount, but instead, allege damages "in excess of fifteen thousand dollars, exclusive of interest, costs and attorney's fees" to satisfy the jurisdictional requirements of the Circuit Court. A reasonable reading of the allegations of the Complaint does *not* indicate that the amount in controversy will exceed $75,000.00.

8. It is alleged in the Complaint that Pacific has breached the Policy by failing to pay Venetian Palms for the damages incurred as a result of the loss suffered to its Properties. See, Complaint at ¶ 16.

9. By letter dated December 9, 2009, the Plaintiffs Public Adjuster provided Pacific with an executed Sworn Statement in Proof of Loss. The Sworn Statement in Proof of Loss sets forth an "amount claimed" of $1,825,149.53. (*See,* Sworn Statement in Proof of Loss attached as Exhibit "3")

2

10.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.§1332(a). The citizenship of the parties is completely diverse. While the Complaint did not indicate that the matter could be removed at the time of filing, the Sworn Statement in Proof of Loss indicates that amount in controversy will exceed the sum of $75,000. As a result, this action is one that may be removed to this Court by Pacific pursuant to 28 U.S.C.§1441.

11.     This Notice of Removal is being filed within thirty (30) days after service on Pacific of the Complaint. Therefore this Notice is timely filed pursuant to 28 U.S.C.§1446(b).

12.     Pacific has not previously attempted to remove this action.

## II.     MEMORANDUM OF LAW

### A.     The United States District Court Has Jurisdiction Over This Matter

A state court action may be removed to a United States District Court where such District Court has jurisdiction. *See*, 28 U.S.C. §1441. In this case, original jurisdiction exists under 28 U.S.C.§1332, which provides that:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between —
>
> *   *   *   *
>
> (1)     citizens of different states [.]

Thus, Pacific must establish two things to invoke the jurisdiction of this Court: 1) that the amount in controversy exceeds $75,000; and 2) that the action is between citizens of different states (*i.e.*, complete diversity.)

In accordance with 28 U.S.C. §1446(b), Pacific may rely upon "other paper[s]" in determining the amount in controversy. *See, Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendant may use a variety of documents, including a written

settlement demand, as an 'other paper' under 28 U.S.C. §1446(b) to determine if the case is removable") (citing *Essenson v. Coale*, 848 F.Supp. 987, 989-90 (M.D. Fla. 1994)); see also *Rahwar v. Nootz*, 863 F. Supp. 191 (D.N.J. 1994) (citing *Brooks v. Solomon Co.*, 542 F.Supp. 1229 (N.D. Ala. 1982) (discovery depositions constitute "other paper" within the mean of 28 U.S.C. § 1446(b)); *Wright v. Continental Casualty Co.*, 456 F.Supp. 1075 (M.D. Fla. 1978) (concession by plaintiff's counsel at hearing on petition for remove that plaintiff was seeking damages in excess of $10,000 was sufficient to support removal); *Fleming v. Colonial Stores, Inc.*, 279 F.Supp. 933 (N.D. Fla. 1968) (answer to written interrogatories sufficient to support removal)). This "other paper", *i.e.*, the Sworn Statement in Proof of Loss, attached as Exhibit "3", is in an amount that exceeds this Court's jurisdictional requirement of $75,000.00, pursuant to 28 U.S.C. §1332.

Similarly, as set forth above, the action is between citizens of different states. This matter therefore meets the requirements of 28 U.S.C. §1332 (a)(1) of complete diversity.

### B.  Pacific Has Complied With The Procedure For Removal

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446. Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal that contains:

> A short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.

Such notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b).

18470332v1 907940 71

The legal and factual basis on which removal is sought is specifically set forth above. Accordingly, Pacific has complied with 28 U.S.C. §1446, which requires that a short plain statement of the grounds for removal accompany any notice of removal. In addition, the Complaint was served on Pacific's registered agent for service of process on August 10, 2010. Therefore, Pacific was required to file its Notice of Removal on or before September 9, 2010. *See,* 28 U.S.C.§ 1446(b). This Notice of Removal is being filed on September 3, 2010, in strict compliance with the time limit set forth in 28 U.S.C.§ 1446.

Finally, Pacific has attached copies of all process, pleadings and other papers that, to its knowledge, have been filed with the Circuit Court to date as Exhibit "1" to this Notice, as well as a copy of its insurance policy attached as Exhibit "2".

### III.   CONCLUSION

Pacific has satisfied the procedural requirements of governing removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Pacific submits that the removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court is proper.

WHEREFORE, Defendant, Pacific Insurance Company Limited, respectfully requests that this action, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to the United States District Court for the Southern District of Florida, Miami Division.

        Respectfully submitted,

        **HINSHAW & CULBERTSON LLP**

By: /s/ Joseph R. Miele, Jr.
   Joseph R. Miele, Jr.
   Florida Bar No. 426636
   One East Broward Boulevard, Suite 1010
   Fort Lauderdale, Florida 33301
   Phone: (954) 467-7900
   Fax: (954) 467-1024
   E-mail: jmiele@hinshawlaw.com
   *Attorneys for Pacific Insurance Company, Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7, 2010, I electronically filed the foregoing **Notice of Removal and Incorporated Memorandum of Law** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing and by U.S. Mail to the following: Michael J. Higer, Esq., mhiger@hlglawyers.com, Higer Lichter & Givner, LLP, 18305 Biscayne Boulevard, Suite 402, Aventura, Florida 33180.

By: /s/ Joseph R. Miele, Jr.
   Joseph R. Miele, Jr.